PHILLIP A. TALBERT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>APPROXIMATELY $19,980.00 IN U.S. CURRENCY,<br><br>APPROXIMATELY $15,000.00 IN U.S. CURRENCY, AND<br><br>APPROXIMATELY $4,335.00 IN U.S. CURRENCY,<br><br>Defendants. | 2:21-MC-00213-MCE-CKD<br><br>CONSENT JUDGMENT OF FORFEITURE |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On March 17, 2021, inspectors with the United States Postal Inspection Service ("USPIS") seized Approximately $19,980.00 in U.S. Currency, Approximately $15,000.00 in U.S. Currency, and Approximately $4,335.00 in U.S. Currency (hereafter "defendant currency") during a parcel interdiction at the Processing and Distribution Center in West Sacramento, California.

2. USPIS commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others.  On or about June 4, 2021, USPIS

///

received a claim from Jason Brewer ("Brewer" or "claimant") asserting an ownership interest in the defendant currency.

3. The United States represents that it could show at a forfeiture trial that on March 10 and March 12, 2021, USPIS conducted parcel interdictions at the Processing and Distribution Center located in West Sacramento, California. During the interdictions, law enforcement officials identified parcels that bore markers consistent with parcels used for shipping contraband. Priority Mail parcels #9505 5136 7862 1070 2193 57 (Parcel #1), #9505 5136 7982 1070 3137 68 (Parcel #2) and #9505 5136 7981 1068 2184 41 (Parcel #3) were all addressed to 12900 Rimfire Dr., Wilton, CA 95693-9236, with the following return address: 102 Outer Loop, Louisville, KY 40214. No names were listed for the sender or recipient on the parcels.

4. The United States represents that it could further show at a forfeiture trial that the parcels were presented to a drug detection dog, who positively alerted to the presence of the odor of narcotics on all three parcels.

5. The United States represents that it could further show at a forfeiture trial that law enforcement searched its databases for the sender address that appeared on all three Priority Mail parcels. Law enforcement was unable to identify anyone currently associated with the 102 Outer Loop, Louisville, KY 40214 address. On March 12, 2021, law enforcement called and spoke to a male who identified himself as Jason Brewer. Brewer stated he was expecting Parcel #1 from Kentucky and that it contained $6,000.00 in cash. Brewer refused to provide consent to search the parcel. On March 17, 2021, law enforcement called Brewer again and informed him they had obtained two additional parcels (Parcel #2 and Parcel #3) from Kentucky to his address. Brewer initially refused to provide consent to search these parcels, but later gave law enforcement consent to search each parcel.

6. The United States represents that it could further show at a forfeiture trial that on March 17, 2021, law enforcement searched Parcel #1 and found two vacuum sealed bags with a total of $19,980.00 in cash concealed within "Finesse" brand clothing. The currency consisted mainly of $20 bills, making up $19,340.00 of the total $19,980.00. Law enforcement searched Parcel #2 and found vacuum sealed stack of cash totaling $4,335.00 inside a hooded "Finesse" sweatshirt. The currency consisted mainly of $20 bills, making up $2,000.00 of the total $4,335.00. Law enforcement searched

Parcel #3 and found $15,000.00 in cash concealed within a children's art box and birthday card. The currency consisted mainly of $20 bills, making up $14,560.00 of the total $15,000.00.

7. The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

8. Without admitting the truth of the factual assertions contained above, claimant specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimant agrees that an adequate factual basis exists to support forfeiture of the defendant currency. Brewer acknowledged that he is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, claimant shall hold harmless and indemnify the United States, as set forth below.

9. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

10. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

11. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2. Upon entry of this Consent Judgment of Forfeiture, Approximately $19,980.00 in U.S. Currency and $1,020.00 of the Approximately $4,335.00 in U.S. Currency, together with any interest that may have accrued on the total amounts seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

3. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, Approximately $15,000.00 in U.S. Currency and $3,315.00 of the Approximately $4,335.00 in U.S. Currency shall be returned to claimant Jason Brewer through his attorney Valery Nechay.

4. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  Claimant waived the provisions of California Civil Code § 1542.

5. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

6. All parties will bear their own costs and attorney's fees.

7. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

8. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

DATED: September 27, 2022

_____
MORRISON C. ENGLAND, JR.
SENIOR UNITED STATES DISTRICT JUDGE